UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TONY L. MCKNIGHT, }
TDCJ-CID NO. 781305, }
    Petitioner, }
v. }     CIVIL ACTION NO. H-07-3359
    }
NATHANIEL QUARTERMAN, }
    Respondent. }

## OPINION ON DISMISSAL

Petitioner Tony L. McKnight, a state inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging disciplinary case number 20070257666 for possession of contraband, namely, child pornography. (Docket Entry No.1). Pending are respondent's motion for summary judgment (Docket Entry No.8), and petitioner's response to the motion for summary judgment (Docket Entry No.10). Upon consideration of the entire record, the Court will grant respondent's motion and deny petitioner federal habeas relief.

## I. BACKGROUND

In 1997, petitioner was convicted in the 220th Judicial District Court of Tarrant County, Texas in cause number 8064754W of indecent exposure with a child, and sentenced to twenty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner does not contest his underlying conviction but challenges a disciplinary proceeding on May 17, 2007, wherein he was found guilty of possessing child pornography. Petitioner was assessed punishment at five days of solitary confinement, a reduction in class line status, forty-five days commissary and recreation restriction, and revocation of thirty days of good time credit. (*Id.*).

1

Petitioner alleges that because he is hearing and speech impaired, TDCJ-CID has denied him access to the Sex Offender's Rehabilitation Program ("SORP") in violation of the Americans with Disabilities Act ("ADA"). (Docket Entry No.1, Memorandum). At the same time, he notes that a SORP administrator indicated that the charge against him was not serious enough to require his participation in SORP before his release to mandatory supervision. (*Id*.). Petitioner maintains he has received professional treatment (presumably outside of TDCJ) for psychological injuries that he suffered from sexual abuse that he suffered as a child. (*Id*., affidavit). Petitioner claims that TDCJ has not attempted to rehabilitate him since his imprisonment, therefore, he has taken on the task of self-rehabilitation by catharsis, presumably as recommended by one of his outside therapists. (*Id*.). Petitioner claims that he engages in catharsis by drawing pictures of genitalia, vampires who are of minority age, rapists being devoured by pythons, and so forth, and by collecting photographs of young children from TDCJ-approved magazines. (*Id*.).

Petitioner was charged with possessing contraband on May 13, 2007. (Docket Entry No.9, Disciplinary Hearing Records). He was taken to solitary confinement, where he remained until the disciplinary hearing five days later. (Docket Entry No.1, Memorandum). Petitioner was notified of the hearing on May 16, 2007. (Docket Entry No.11, Disciplinary Hearing Records). He entered a not guilty plea and waived his appearance at the hearing. (*Id*.). Petitioner was found guilty based on the offense report. (*Id*.).

On May 19, 2007, petitioner submitted Step 1 Grievance Number 200715318, in which he complained about Officer Wood, the charging officer who came to petitioner's cell in solitary confinement with an offender's property inventory document. (*Id.*, Discipline Grievance

Records). Petitioner complained that his typewriter was missing from the inventory sheet and that Wood made threatening gestures toward him and picked up four paper sacks and tossed them at him. (*Id.*). Petitioner claimed because of his past experience with officers like Wood, he entered a guilty plea to the disciplinary violation and waived his right to a hearing. (*Id.*). He claimed that TDCJ officials had misjudged his drawings as child pornography and that they were really virtual art and part of his catharsis. Petitioner sought the return of some legal documents that were removed by Wood during an earlier search as well as a few graphic novels that had been confiscated. (*Id.*). R. Gunnels responded that the Office of Inspector General ("OIG") found insufficient evidence to open an investigation. (*Id.*).

In early June, 2007, petitioner filed Step 2 Grievance Number 2007153184. (*Id.*). Petitioner claimed that Wood had no solid evidence that he had possessed child pornography because his drawings did not involve the use of "real" children, therefore, they were not pornographic. He also claimed that his collection of magazine pictures of children was not pornographic because the pictures do not depict children engaging in explicit sexual activity. (*Id.*). Petitioner further claimed that he had been denied due process because he was not given the opportunity to participate in the Sex Offender's Treatment Program and argued because of this omission he had a right to engage in his catharsis by drawing and collecting pictures. (*Id.*). Petitioner contended the drawings did not violate any TDCJ rule and claimed that Wood confiscated the drawings and books because Wood was offended by the content of the drawings. Petitioner further contended that he had a right to possess virtual pictures. (*Id.*). Kelli Ward responded that the OIG reviewed and evaluated his claims and would not open an investigation. (*Id.*).

Based on the foregoing, petitioner seeks federal habeas relief on the following grounds:

1. He was denied due process in the disciplinary proceeding when TDCJ officials placed him in solitary confinement instead of pre-hearing detention because his drawings offended the officials' personal sensibilities and morals;

2. He was denied thirty days of good conduct time and a reduced time earning status as a result of a faulty disciplinary proceeding;

3. TDCJ has denied him basic due process rights and access to rehabilitation programs due to his hearing impairment and the lack of sign language interpreters and has punished him for his efforts to rehabilitate himself through catharsis; and,

4. He has been denied the right to freedom of speech and expression under the First Amendment because TDCJ's offender handbook does not prohibit offenders from drawing virtual images of any kind, writing stories of any kind, and creating characters for graphic novel preparations.

(Docket Entry No.1).

Respondent moves for summary judgment on grounds that petitioner failed to exhaust his administrative remedies with respect to all claims. (Docket Entry No.8). Respondent contends that all claims are also procedurally barred because the time for filing such claims has expired. (*Id*.). Respondent also contends that petitioner's disciplinary punishment complied with due process requirements and that his good time was forfeited in compliance with due process requirements. (*Id*.). Alternatively, respondent contends that petitioner fails to show his entitlement to federal habeas relief. (*Id.*).

### III. DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is

4

entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### A. Exhaustion of Administrative Remedies

Respondent moves for summary judgment on the ground that petitioner failed to exhaust his administrative remedies, thus rendering them procedurally defaulted. (Docket Entry No.8). Respondent contends that petitioner raised the confrontation claim in his Step One grievance and self-defense and selective prosecution claims in his Step Two grievance but he did not challenge the ineffectiveness of his substitute counsel in either grievance. (*Id.*). Respondent submitted copies of the grievances. (Docket Entry No.9).

A state inmate must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), (c). Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475,

492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies).

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Moreover, an administrative grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.* at 522 (noting that "[i]n deciding how much detail is required in a given case . . . , a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally'").

Petitioner did not grieve his claim regarding his placement in solitary confinement instead of pre-hearing detention before the disciplinary hearing or the denial of good conduct time and reduced time-earning status because of a faulty disciplinary proceeding. (Docket Entry No.9, Discipline Grievance Records). Likewise, petitioner did not complain in either grievance that TDCJ had violated his First Amendment rights to speech and expression by this conviction, except for a brief reference to a Supreme Court case, which dealt with the constitutionality of a

6

statute expanding the definition of child pornography. (*Id.*). Nor did petitioner raise his rehabilitation claim in his Step 1 Grievance. (*Id.*). Moreover, TDCJ officials did not respond to either of petitioner's grievances in a manner that would suggest that they understood that he was challenging the disciplinary proceeding, his conviction, his First Amendment rights, or the denial of access to rehabilitative programs. (*Id.*). It follows that petitioner has failed to exhaust the administrative remedies available to him with respect to the claims in this pending action.

Because the time for filing such grievances has now expired, petitioner is also procedurally barred from asserting them in another set of grievances per TDCJ policy. *See* http://www.tdcj.state.tx.us/publications, TDCJ Offender Orientation Handbook, November, 2004, pages 52-54. Petitioner has not addressed the exhaustion and procedural bar issues in any of his pleadings; therefore, he fails to show that he is entitled to any exception from the exhaustion requirement. Accordingly, the Court will dismiss the pending petition with prejudice for petitioner's failure to exhaust administrative remedies.

### B. Due Process

To the extent that petitioner's habeas action and his grievances may be construed as a challenge to his disciplinary conviction, the Court finds that petitioner has not been denied due process, for the reasons to follow.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See*

*Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id.* at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

### 1. Loss of Privileges, Cell Restriction, Class Status

As a result of his disciplinary conviction, petitioner temporarily lost commissary and recreation privileges, he was placed in solitary confinement, and his class status was reduced. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.*; *see also Sandin*, 515 U.S. at 486 (refusing to recognize a liberty interest in administrative segregation). The Fifth Circuit has also decided that a reduction in a prisoner's class status and its potential impact on good-time credit earning ability are not protected by the Due Process

Clause.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Because lost privileges, solitary confinement, and a reduction in class status do not implicate a constitutionally protected liberty interest, any challenge to these sanctions fails to state a claim that is cognizable on federal habeas corpus review.  Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.  *See Orellana*, 65 F.3d at 31; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  Respondent is therefore entitled to summary judgment on the petitioner's claims concerning these sanctions.

### 2. Loss of Good-Time Credits

As a result of his disciplinary conviction, prison officials also revoked thirty days of good-time credit previously earned by petitioner.  When a state creates a right to time credit for good conduct and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated."  *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557).  Texas law, however, provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence.  *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995).  The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence.  *See Board*

*of Pardons v. Allen*, 482 U.S. 369, 378 n. 10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained ... is not protected by due process"). In light of this authority, the Fifth Circuit has recognized that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Therefore, any allegation by the petitioner that his disciplinary conviction has thwarted his release on parole does not establish a due process violation.

As a general rule, only disciplinary sanctions that either result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *See Orellana*, 65 F.3d at 31-33. It is well settled that Texas inmates, such as petitioner, who are eligible for mandatory supervision release, have a protected liberty interest in earned good-time credits. *Teague v. Quarterman*, 482 F.3d 769, 776077 (5th Cir. 2007). Because petitioner had a liberty interest in good-time credit accrued toward early release on mandatory supervision, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

Prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Wolff*, 418 U.S. at 561. Thus, prison disciplinary hearings are "not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). The minimum amount of due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff*, 418 U.S. at 563-67. These requirements are flexible, however, and must necessarily be balanced against legitimate penological interests. *Superintendent, Massachusetts Correctional Institution*, 472 U.S. at 454.

Petitioner does not complain that he did not receive minimum amount of procedural protection. Petitioner, however, grieved in his Step 1 Grievance that TDCJ officials had misjudged his drawings; he grieved in his Step 2 Grievance that his disciplinary conviction was erroneous because his drawings did not constitute child pornography and requested that the conviction be overturned. (Docket Entry No.9, Discipline Grievance Records). To the extent that petitioner exhausted his claim regarding the faulty disciplinary conviction on the ground that the evidence was insufficient to support such conviction, the Court will address such claim.

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only "some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. The Supreme Court has

determined that "[a]scertaining whether [the sufficiency-of-evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455. "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 537. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

In this case, petitioner was charged with a Level 2 offense, number 16.0 — Possession of Contraband. (Docket Entry No.9, Offense Report); *see also* www.tdcj.state.tx.us/publications, TDCJ Disciplinary Rules and Procedures for Offenders, January, 2005, pages 26-27. The charging officer specifically described the offense as follows, in pertinent part: "McKnight, Tony Lynn, TDCJ-ID No.781305, did possess contraband, namely, child pornography which is an item that is not allowed or assigned to an offender, and not bought by the offender for his use from the commissary." (Docket Entry No.9, Offense Report.). Petitioner contends his drawings were not pornographic because they were not pictures of real children but his artistic rendition of virtual beings. (Docket Entries No.1, No.10). Regardless of whether petitioner's drawings in this case constitute child pornography as defined by federal or state law,[1] they were graphic depictions of children, some nude or partially nude,

---

[1] Had petitioner possessed pictures of actual children engaged in sexually explicit acts he most likely would have faced criminal prosecution for possession of child pornography and not just a disciplinary conviction for the same. *See* TEX. PENAL CODE ANN. § 43.26 (Vernon 2003); *see also* TEX. PENAL CODE ANN. §§ 43.22 (obscenity).

who were engaged in violent and sexually explicit acts with an adult male.  (Docket Entry No.9, Disciplinary Hearing Record).  Prison officials may, consistent with the First Amendment, limit an inmate's access to sexually explicit material.  *See Thompson v. Patteson*, 985 F.2d 202 (5th Cir. 1993); *Moore v. Dretke*, Civil Action No.H-05-0213, 2006 WL 1663758 (S.D. Tex. June 14, 2006) (referencing TDCJ's publication policy regarding sexually explicit material).  Given the nature of his drawings, petitioner's claim that the evidence was insufficient to support a disciplinary conviction for possession of sexually explicit material featuring children must fail.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, sua sponte, without

requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right nor shown that reasonable jurists would find the Court's procedural ruling debatable.  Therefore, a certificate of appealability from this decision will not issue.

## V. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.8) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. This habeas action is DISMISSED with prejudice.

5. All pending motions, if any, are DENIED.

   The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 18th day of June, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE